IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROCHELE C. FRETT,** : | |
| : | |
|    **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION FILE NO.** |
| : | **1:13-cv-02142-TWT-AJB** |
| **RAND BEERS,** *Acting Secretary,* : | |
| *U.S. Department of Homeland Security,* : | |
| : | |
|    **Defendant.** : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Plaintiff Rochele C. Frett's application to proceed *in forma pauperis* ("IFP") is presently before the Court on a frivolity review pursuant to 28 U.S.C. § 1915(e).[1] The undersigned determined in a previous Order that Plaintiff made a showing of indigency sufficient to support leave to proceed IFP but found that her complaint failed to allege facts sufficient to show that (1) venue is proper in this district; (2) she exhausted her administrative remedies prior to filing suit; (3) she timely filed this lawsuit; or (4) she can state a plausible claim for relief. [Doc. 2 at 16-26]. In that Order, the undersigned

---

[1] Plaintiff's first name is spelled "RoChele" in some of the documents she filed with the Court and is spelled "Rochele" in others. [*Compare* Doc. 1-1 at 1 *with id.* at 12, Doc. 1-2 at 1]. The Court will use the spelling appearing in the caption of the complaint. [Doc. 1-1 at 1].

also denied a motion for appointment of counsel that Plaintiff had filed along with her application for IFP, finding that such appointment would be inappropriate because the case did not present exceptional circumstances requiring the assistance of a trained practitioner; because Plaintiff had not demonstrated sufficient diligence in attempting to secure counsel; because Plaintiff had demonstrated the ability to understand the relevant substantive and procedural issues; and because Plaintiff had not provided sufficient information to allow the Court to find that the case had merit. [*Id.* at 27-32].

In consideration of Plaintiff's *pro se* status, rather than recommend dismissal on frivolity grounds at that time, the Court granted Plaintiff leave to amend the complaint. [*Id.* at 32]. The Court also supplied Plaintiff with a link to the online attorney directory for the National Employment Lawyers Association so that she might continue to search for an attorney to represent her on a contingency or pro bono basis. [*Id.* at 30].

Instead of filing an amended complaint, however, Plaintiff filed a letter with the Court stating that she was under the impression that she had correctly filed suit in the District Court for the Northern District of Georgia because that is where she currently resides and that, as for the timeliness of her suit, she had been under the impression that the ninety days she had to file suit after receiving notice of right to sue "did not include non-working days." [Doc. 5 at 1]. She also renewed her request for appointment of

2

counsel, explaining that since receiving the Court's Order she was told by a representative in the pro bono section at the State Bar of Georgia that there was nowhere in Georgia she could secure pro bono representation against a federal agency and stating that she contacted one additional private attorney who declined to represent her in this matter. [*Id.* at 2].

The undersigned finds nothing in Plaintiff's response to alter the reasoning set forth in its previous Order. Therefore, first, for the reasons set forth in that Order, [Doc. 2 at 27-32], the undersigned again **DENIES** Plaintiff's request to appoint counsel.

Second, the undersigned **RECOMMENDS** to the District Judge that he **DISMISS** this matter on both frivolity grounds and for Plaintiff's failure to comply with a lawful order of the court. Initially, the Court notes that Plaintiff has failed to demonstrate that venue is proper in this District, but that failing does not necessitate dismissal of the complaint. *See England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988) (noting that trial courts generally have broad discretion in evaluating venue arguments and determining whether to transfer or dismiss a case); *Runyon v. Kilpatrick*, No. 5:05-cv-290(CAR), 2005 U.S. Dist. LEXIS 43386, at *3-4 (M.D. Ga. Aug. 25, 2005) ("When a complaint is filed in a court without proper venue,

3

that court has the discretion, pursuant to 28 U.S.C. § 1406(a), either to dismiss, or if it be in the interest of justice, to transfer the case to a court that has jurisdiction."). Nor would Plaintiff's failure to show that she timely filed her complaint within ninety days of receiving her right to sue letter be grounds to dismiss her complaint, because this defect is not jurisdictional and thus can be waived by a defendant. *Tie Qian v. Sec'y, Dept. of Veterans Affairs*, 432 Fed. Appx. 808, 810 (11th Cir. June 23, 2011) ("A plaintiff in a Title VII action is required to file suit within 90 days after receiving a 'right-to-sue letter,' although this is not a jurisdictional prerequisite, and a defendant must assert the failure to file suit within 90 days as a defense.") (citing *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1218 (5th Cir. 1982), and 42 U.S.C. § 2000e-16(c)).

On the other hand, Plaintiff's failure to demonstrate that she exhausted her administrative remedies before filing this action is jurisdictional, and justifies dismissal of her action. *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008); *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) (concluding that exhausting administrative remedies is a jurisdictional prerequisite to filing Title VII action).

Additionally, and somewhat related to her failure to demonstrate exhaustion of administrative remedies, Plaintiff was directed by the Court to supply it with a copy of

AO 72A
(Rev.8/8
2)

her EEO charges, so that the Court could evaluate whether in fact she had fulfilled her exhaustion requirement. [*See* Doc. 2 at 26-27]. Rather than comply, Plaintiff states that the documents in her EEO investigative file are too voluminous to duplicate due to her financial condition. [Doc. 5 at 2]. The Court did not direct Plaintiff to duplicate the entire EEO investigative file. It told her to submit the EEO charges, and "attach any other documents she believes are relevant to her claims." [Doc. 2 at 27]. In the Court's experience, EEO charges are relatively short documents, comprising no more than a few pages at most. Plaintiff therefore has not shown why she could not comply with a lawful order of the Court, and thus her complaint should be dismissed pursuant to Local Rule 41.3(A)(2), NDGa (authorizing dismissal where a plaintiff "fail[s] or refuse[s] to obey a lawful order of the court in the case").

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED and DIRECTED**, this 26th day of November, 2013.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

5